Banco Territorial y Agrícola de Puerto Rico, Recurrente, *v.* El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una escritura de préstamo con hipoteca.

Nq. 232.—Resuelto en junio 21, 1915.

Otorgamiento de Escritura—Testigos Instrumentales—Firmas de los Otorgantes Cuando no Pueden Hacerlo.—De acuerdo con la sección 14 de

la Ley Notarial de marzo 8, 1906, únicamente puede firmar a nombre de uu otorgante que no sepa o no pueda hacerlo, uno de los testigos instrumentales, que pueden ser más de dos.   Un tercero que no está incluído en la escritura como testigo de su otorgamiento, no puede firmar por un otorgante que no sabe hacerlo.

Id.—Firmas de las Partes y Testigos—Nulidad de Instrumentos Públicos.— Si la firma de uno de los otorgantes de un documento público no consta en la forma exigida por el estatuto, como sucede en este caso, es lo mismo que si no existiera, y el documento debe, en tal virtud, considerarse como nulo, de acuerdo con lo prescrito en la sección 20, No. 3, de la Ley Notarial citada.

Id.—Ley Notarial—Reglamento Notarial de Octubre 29, 1873—Real Orden de 25 de Junio de 1868—Tratado de Notaria.—La forma ordenada por la ley actualmente en vigor en Puerto Rico, es la misma que la fijada por el Reglamento Notarial de octubre 29, 1873, y está en armonía con la Real Orden de 25 de junio de 1868, citada en el Tratado de Notaría, por Manuel Fernández Casado, tomo 1, página 569.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Juan de Guzmán Benítez.*

El registrador recurrido, Sr. José S. Belaval, compareció por escrito por medio de su sustituto Sr. Emigdio S. Ginorio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El 10 de septiembre de 1914 comparecieron ante notario público Don Fermín Ramos y su esposa Doña Luisa Martínez, de una parte, y de otra, El Banco Territorial y Agrícola de Puerto Rico, y otorgaron una escritura pública de préstamo con hipoteca.   La escritura termina así:

"En este estado hacen constar Don Fermín Ramos y su esposa Doña Luisa Martínez que no saben firmar y con tal motivo les acompaña y comparece en este acto su hijo Don José Ramos Martínez, mayor de edad, casado, comerciante, vecino de Trujillo Alto y al cual doy fe conocer, a cuyo Don José Ramos otorgan en este acto los comparecientes Don Fermín Ramos y Doña Luisa Martínez poder especial para que concurra a fin de firmar por ellos.

"Leída por mí el notario esta escritura a los otorgantes y al apoderado para firmar a nombre de Don Fermín Ramos y Doña Luisa Martínez y a los testigos, la hallaron conforme, firmándola todos, entre ellos Don José Ramos a nombre de los prestatarios; y de cuanto en este instrumento público se contiene, así como de las circunstancias personales de los otorgantes, yo el notario autorizante doy fe.

Firmado. José Ramos. R. Castro González. Jaime Vilaseca. L. Abella Blanco. Signado y firmado. Juan de Guzmán Benítez. Hay un sello de rentas internas del valor de un dollar cancelado por el de la notaría.''

Presentado el documento en el registro de la propiedad, sección 1ª., el registrador se negó a inscribirlo, por medio de la siguiente nota, contra la cual se interpuso el presente recurso gubernativo. La nota dice así:

''Denegada la inscripción del precedente documento, escritura número 122, de fecha 10 del corriente, ante el notario Don Juan de Guzmán Benítez, porque los otorgantes Don Fermín Ramos y Doña Luisa Martínez no saben firmar y a nombre de ellos lo verifica Don José Ramos Martínez que no es testigo instrumental, sin que las palabras con que han expresado su autorización dichos otorgantes modifiquen la naturaleza del acto; cuyo defecto anula el documento con arreglo a las secciones 14ª. y 20ª. de la Ley Notarial y a la sentencia del Hon. Tribunal Supremo de Puerto Rico, fecha 23 de octubre 1912; habiéndose tomado anotación preventiva por el término legal al folio 186 vto. tomo 3º. de Trujillo Alto, finca número 173, anotación letra A, en la que además se ha consignado el defecto subsanable de no acreditarse que Doña Luisa Martínez fuera la esposa del deudor cuando éste adquirió la finca, no constando el nombre y apellido de ella en el registro. San Juan, P. R., 24 de septiembre de 1914. El registrador, José S. Belaval.''

La sección 14 de la Ley Notarial vigente, Leyes 1906, p. 143, dice:

''Si los otorgantes o algunos de ellos no supiere o no pudiere firmar, lo expresará así el notario, debiendo firmar uno de los testigos, escribiendo de su puño, en ante firma, que lo hace por sí como testigo, y a nombre del otorgante que no sepa o no pueda verificarlo.''

Y la sección 20, No. 3, en lo pertinente, expresa:

''Serán nulos los instrumentos públicos: 1º. * * *; 2º. * * * 3º. * * * o en que no aparezcan las firmas de las partes y testigos cuando deban hacerlo. * * *.''

Ante preceptos tan claros, no cabe ni siquiera discutir la nota. Su confirmación se impone. Además, el caso no es nuevo en esta corte. En 1908, en el de *Rodríguez* v. *El*

*Registrador de Ponce,* 14 D. P. R., 738, el tribunal resolvió que "de acuerdo con la sección 14 de la Ley Notarial de marzo 8, 1906, únicamente puede firmar a nombre de un otorgante que no sepa o no pueda hacerlo, uno de los testigos instrumentales, que pueden ser más de dos" y que "un tercero que no está incluído en la escritura como testigo de su otorgamiento,. no puede firmar por un otorgante que no sabe hacerlo." Y en 1912, en el de *Villanueva et al.* v. *El Registrador de Arecibo,* 18 D. P. R., 831, se confirmó en un todo la doctrina sentada en el de Rodríguez, *supra.*

La forma ordenada por la ley, actualmente en vigor en Puerto Rico, es la misma que la fijada por el Reglamento Notarial de octubre 29 de 1873, y está en armonía con la Real Orden de 25 de junio de 1868, citada en el "Tratado de Notaría" por Manuel Fernández Casado, tomo 1, p. 569. Se trata, pues, no sólo de una forma impuesta claramente por la ley, sino consagrada por los años.

Alega el recurrente que si bien el estatuto contiene un medio de subsanar la dificultad que resulta cuando uno de los otorgantes no sabe firmar, eso no excluye la adopción de cualquier otro que no sea contrario a la ley.

Si se aceptara tal teoría como buena, volvería a sancionarse el estado de confusión que prevaleció en tiempos antiguos y que trató precisamente de corregir y corrigió el legislador prescribiendo una regla fija que debe seguirse en todos los casos.

Y alega además el recurrente que su caso es distinto al de Villanueva, *supra,* porque en el documento a que se refería la resolución en el de Villanueva no aparecía, como en la escritura de 10 de septiembre de 1914, que la persona que firmaba lo hacía en concepto de apoderado y representando por tanto al otorgante y no en calidad de un testigo rogado para firmar por ignorancia de la parte.

Suponiendo que así fuera y aceptando que la escritura de préstamo con hipoteca pudiera considerarse también como

de mandato especial para firmar, ¿no sería necesario que constara la firma del mandante?

En el fondo se trata seguramente en este caso de un acto legal, de una transacción correcta. La dificultad ha surgido por haberse separado el notario del método sencillo y seguro fijado por la ley. Y la consecuencia es clara: Si la firma de uno de los otorgantes no consta en la forma exigida por el estatuto, es lo mismo que si no existiera, y en tal virtud se incurre en la nulidad a que se refiere la sección 20, número 3, de la Ley Notarial antes citada.

Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.